[Cite as *State v. Jones*, 2011-Ohio-4181.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 5-11-01

    v.

RAMON JONES,                     O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2010 CR 00057**

**Judgment Affirmed**

**Date of Decision:   August 22, 2011**

APPEARANCES:

    *Andrew R. Schuman*  for Appellant

    *Mark C. Miller and Alex K. Treece*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ramon Jones ("Jones") brings this appeal from the judgment of the Court of Common Pleas of Hancock County overruling his motion to suppress. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 10, 2010, Ohio State Trooper Kurt Beidelschies ("Beidelschies") observed a vehicle exit the interstate without using a turn signal. Beidelschies then initiated a traffic stop. Beidelschies obtained the identification of the driver, but the passenger claimed to have lost his state issued identification and told the officer his name was Melvin Moore. Beidelschies was unable to find any record of Melvin Moore in the Law Enforcement Automated Database, which led him to believe that the passenger had given him a false name. The driver of the vehicle was driving under a suspended license, the vehicle did not belong to her, and the registration was for a Subaru Impreza rather than the Pontiac Grand Prix which was being driven. Due to these irregularities, Beidelschies requested a canine unit to assist with the stop. The dog arrived within ten to fifteen minutes and alerted to the odor of narcotics in the vehicle.

{¶3} Once the dog had identified narcotics, Beidelschies asked the passenger, who was subsequently identified as Jones, to step out of the vehicle. Beidelschies then performed a pat down search of Jones. Beidelschies felt a large bulge about the size of a tennis ball in Jones' pants. Beidelschies testified that

based upon his training and experience, he believed the object to be illegal contraband. Aug. 2, 2010, hearing, 16. The object was removed and found to contain a large quantity of oxycodone. Jones was arrested and subsequently indicted on March 10, 2010, for drug abuse in violation of R.C. 3719.41, a felony of the second degree.

{¶4} On May 25, 2010, Jones filed a motion to suppress the results of the search. The trial court held a hearing on the motion on August 2, 2010. The trial court entered its findings and ruling overruling the motion on September 15, 2010. The ruling was journalized on September 20, 2010. On November 29, 2010, Jones entered into a plea agreement where he agreed to enter a plea of no contest to an amended charge of one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the third degree. The State in return agreed to amend the indictment and to make a sentencing recommendation of four years in prison. The trial court held a hearing on November 29, 2010, and accepted the no contest plea. The trial court then found Jones guilty of the amended charge and sentenced him to the recommended sentence of four years in prison. Jones appeals from this judgment and raises the following assignment of error.

> **The trial court erred in overruling [Jones'] motion to suppress the evidence discovered as a result of the illegal search and seizure of appellant.**

{¶5} In the sole assignment of error, Jones argues that the trial court erred in denying his motion to suppress. Jones claims that the initial search was improper and that any information found during the search should have been suppressed. In this case, Jones was removed from the vehicle and searched after the drug dog indicated that drugs were in the vehicle. A canine sniff of a vehicle is not a search under the Fourth Amendment. *United States v. Place* (1983), 462 U.S. 696, 13 S.Ct. 2637, 77 L.Ed.2d 110. An officer need only have a reasonable suspicion that criminal activity is occurring in order to detain one beyond the time necessary to complete the traffic stop while a drug-trained canine is brought to the scene. *State v. Wilkins*, 2d Dist. No. 20152, 2004-Ohio-3917, ¶12. Here, the driver of the vehicle was driving with a suspended license, the passenger had no proof of identification, the vehicle was registered to a third party, and the tags on the vehicle did not match the vehicle being driven. Under the totality of the circumstances, Beidelschies had reasonable suspicion to believe that criminal activity was occurring and to investigate further, including having the canine be brought to the scene. Id.

{¶6} Once the dog was brought to the scene and indicated that the vehicle contained drugs, the officer had probable cause to search the vehicle for drugs. *State v. Palicki* (1994), 97 Ohio App.3d 175, 646 N.E.2d 494. Jones could then be asked to exit the vehicle for the search to be conducted. *State v. Flowers*, 11th

Case No. 5-11-01

Dist. No. 2009-L-103, 2010-Ohio-2952. After a passenger has exited the vehicle, the officers may conduct a pat-down search of a passenger if there is reason to believe that it is necessary for officer safety based upon the totality of the circumstances. Id. If during the frisk an officer detects contraband, the items may be lawfully seized. *Minnesota v. Dickerson* (1993), 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334.

> **The rationale of the plain-view doctrine is that if contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no "search" within the meaning of the Fourth Amendment-or at least no search independent of the initial intrusion that gave the officers their vantage point. * * * The warrantless seizure of contraband that presents itself in this manner is deemed justified by the realization that resort to a neutral magistrate under such circumstances would often be impracticable and would do little to promote the objectives of the Fourth Amendment. * * * The same can be said of tactile discoveries of contraband. If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.**

Id. at 375-76.

{¶7} As discussed above, there were numerous reasons for believing that criminal activity was occurring. Additionally, Jones had been asked for identification and said he did not have any with him. He then gave a name and

birth date. When Beidelschies ran it through the computer, no such identity was found. Given the lack of the confirmation of identity, the suspicion of drugs in the vehicle, and all the other factors, Beidelschies acted reasonably when he conducted a pat down search of Jones when he removed him from the vehicle. It was during this initial pat down search that Beidelschies found the package of oxycodone. Beidelschies testified that given his training, he recognized the object as contraband when he felt it. This is permissible under the plain feel doctrine. *Id.* Therefore, the trial court did not err in denying the motion to suppress. The assignment of error is overruled.

{¶8} The judgment of the Court of Common Pleas of Hancock County is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur in Judgment Only.**

**/jlr**